**Affirmed and Dissenting Opinion filed September 24, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00062-CV

## IN THE INTEREST OF L.C.L. AND M.E.M., CHILDREN

**On Appeal from the 315th District Court
Harris County, Texas
Trial Court Cause No. 2016-03785J**

## D I S S E N T I N G   O P I N I O N

The majority finds that the evidence in this case is legally and factually sufficient to support the trial court's (1) predicate termination finding under section 161.001(b)(1)(E), (2) finding that termination was in the best interest of the children, and (3) affirmation of the trial court's judgment. Because I would reverse and remand for a new trial, I respectfully dissent.

The majority both admits the record provides no evidence Mother ever received the family service plan in Spanish and opines that because she completed some of the family service plan, she must have had constructive understanding of the requirements therein. I disagree. The record also shows Mother lacked

working proficiency in English (there was a Spanish-language translator assisting her at every court hearing and she and her caseworker often communicated via Google translation of texts). It is unreasonable and an abuse of discretion to have terminated Appellant's parental rights without providing her with a family service plan in Spanish because her right to a plan "in writing in a language that the parents understand" is guaranteed by statute. *See* Tex. Fam. Code Ann. § 263.102(a)(2) (Vernon 2019). This interest is especially high because both the caseworker and the judge had actual notice of Mother's difficulties communicating in English.

The goal of the relevant statutory scheme is to return children to their parents or family members whenever possible. *In re A.M.T.*, No. 14-18-01083-CV, 2019 WL 2097541, at *4 (Tex. App.—Houston [14th Dist.] May 14, 2019, no pet. h.) (mem. op.) ("A family service plan is designed to reunify a parent with a child who has been removed by the Department.") (*citing Liu v. Dep't of Family & Protective Servs.*, 273 S.W.3d 785, 795 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). In the present case, there was no evidence of abuse, minimal and contradictory evidence of neglect, and the children were removed from the home well after infancy.

The primary evidence supporting termination was continued drug use by Mother. The family service plan (in English) put into place requirements that Mother attend counseling and substance abuse treatment. Additionally, the plan, by statute, is required to feature the following admonishment:

> TO THE PARENT: THIS IS A VERY IMPORTANT DOCUMENT. ITS PURPOSE IS TO HELP YOU PROVIDE YOUR CHILD WITH A SAFE ENVIRONMENT WITHIN THE REASONABLE PERIOD SPECIFIED IN THE PLAN. IF YOU ARE UNWILLING OR UNABLE TO PROVIDE YOUR CHILD WITH A SAFE ENVIRONMENT, YOUR PARENTAL AND CUSTODIAL DUTIES

2

AND RIGHTS MAY BE RESTRICTED OR TERMINATED OR YOUR CHILD MAY NOT BE RETURNED TO YOU.  THERE WILL BE A COURT HEARING AT WHICH A JUDGE WILL REVIEW THIS SERVICE PLAN.
TEX. FAM. CODE ANN. § 263.102(b) (West 2009).

The State has the legal obligation to provide the parents in these situations with the full protections of the law and Due Process — to do otherwise is to make a mockery of our system.

In this case, all the State had to do was comply with statutory law and provide Mother with notice in a language she could understand.  There is no evidence in the record that Mother ever received a copy of the family plan in Spanish and she was therefore denied basic due process provisions concerning a fundamental constitutional right.  Therefore, I dissent.


/s/    Meagan Hassan
       Justice


Panel consists of Justices Wise, Jewell, and Hassan (Wise, J., majority).